BRENDAN M. KUNKLE, ESQ. SBN 173292
bkunkle@abbeylaw.com
JOHN M. SANFORD, ESQ. SBN 300421
jsanford@abbeylaw.com
ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200
Santa Rosa, CA 95401
Tel: (707) 542-5050
Fax: (707) 542-2589

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL HOYAL and HAROLD MCCLINTOCK, <br><br>                     Plaintiffs, <br><br>          v. <br><br> AMAZON.COM, INC., MODA FLAME, INC.; and DOES ONE through TWENTY, inclusive. <br><br>                     Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** <br><br> 1. Strict Liability (Manufacturing Defect) <br> 2. Strict Liability (Design Defect) <br> 3. Strict Liability (Failure to Warn) <br> 4. Negligence <br> 5. Breach of Implied Warranty |

Plaintiffs Rachel Hoyal and Harold McClintock for their claims and causes of action against defendants Amazon.com, Inc.; Moda Flame, Inc., and DOES One through Twenty, and each of them, state and allege as follows:

**INTRODUCTORY ALLEGATIONS**

**THE PARTIES**

1.      The true names or capacities, whether individual, corporate, governmental or associate, of the defendants named herein as DOE are unknown to Plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs pray leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the defendants designated herein as DOE is negligently, strictly or otherwise legally responsible in some manner

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

1  for the events and happenings herein referred to, and negligently or otherwise caused injury and

2  damages proximately thereby to plaintiff, as is hereinafter alleged.

3     2.   At all times herein relevant, each and every of the defendants herein was the agent,

4  servant, partner, joint venture, employee and/or franchisee of each of the of each of the other

5  defendants, and each was at all times acting within the course and scope of such agency, service,

6  employment, joint venture, partnership and/or franchise.

7     3.   Plaintiffs Rachel Hoyal and Harold McClintock (hereinafter "Plaintiffs") are

8  residents of Sonoma County in the State of California.

9     4.   The injuries to Plaintiffs occurred in Shasta County, California.

10     5.   Defendant Amazon.com, Inc. (hereinafter "Amazon") is a Washington State

11  corporation doing business in the State of California.

12     6.   Defendant Moda Flame, Inc. is a South Carolina corporation doing business in the

13  State of California.

**JURISDICTION AND VENUE**

15     7.   The Court has personal jurisdiction over Defendant Amazon because Amazon has

16  continuous and systematic contacts with and conducts substantial business in the State of

17  California.

18     8.   The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

19  1332 (a)(1) and 1332 (c)(1) because this action is between citizens of different states and the

20  matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

21     9.   Venue is proper in the Northern District of California as Defendant Amazon

22  maintains a place of business in San Francisco, California and because the transaction giving rise

23  to this action took place in the Northern District of California.

**AMAZON SELLS DEFECTIVE FUEL BOTTLES TO PLAINTIFFS**

25     10.   Defendant Amazon committed tortious acts in the State of California in that they

26  distributed, marketed, and sold for ultimate use in the State of California, defective and

27  unreasonably dangerous fireplaces and fuel bottles. The subject fireplaces and fuel bottles were

28  marketed, distributed, and sold by defendant Amazon, in the State of California.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1    11.    Defendant Amazon further committed tortious acts in the State of California, in

2    that they failed to issue warnings regarding the defective and unreasonably dangerous fireplaces

3    and fuel bottles.

4    12.    In 2015, Plaintiffs Rachel Hoyal and Harold McClintock purchased two Moda

5    Flame Tabletop Ethanol Fireplaces and two bottles of Moda Flame Fireplace Fuel from

6    Amazon's website. The sale was fulfilled by defendant Amazon. Defendant Amazon enabled the

7    sale, stored the items, received payment, and shipped the items to Plaintiffs.

8    13.    Defendant Amazon delivered the subject fuel bottles and fireplaces to Plaintiffs'

9    home at 1425 Woodacre Trail, Santa Rosa, California. The subject fuel bottles and fireplaces

10   were delivered in defendant Amazon's branded packaging. Defendant Amazon was an e-

11   commerce entity that provided a direct link in the chain of distribution between the Plaintiffs as

12   purchaser/consumers and the subject products.

13   14.    At the time of purchase, defendant Amazon did not warn Plaintiffs Rachel Hoyal

14   and Harold McClintock of the dangerous nature and design of the subject fuel bottles and

15   fireplaces.

16   15.    Plaintiffs believed the subject fuel bottles and fireplaces were safe for intended use

17   given they had purchased the items from a reputable retailer and that Defendant Amazon had not

18   warned them that it was not safe for intended use.

19   16.    In approximately 2017, Plaintiffs transported the subject bottles and fireplaces to

20   their vacation property in Shasta County, California.

21   17.    On July 2, 2023, at Plaintiffs' vacation property in Shasta County, Plaintiff Harold

22   McClintock poured fuel from one of the Moda Flame Fireplace Fuel bottles into one of the Moda

23   Flame Tabletop Ethanol Fireplaces that was placed on an outdoor picnic table. Plaintiff Rachel

24   Hoyal was seated at the table. Suddenly, the fuel bottle exploded and flames spread around the

25   area. Plaintiffs Rachel Hoyal and Harold McClintock both sustained severe burns from the

26   explosion. There was no flame arrestor on the subject fuel bottle to prevent fumes and fuel from

27   igniting.

28   ///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1

2

## FIRST CAUSE OF ACTION

## STRICT LIABILITY (MANUFACTURING DEFECT)

3     18.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1

4     through 17 as though fully set forth herein.

5     19.     At all times herein mentioned, defendant Amazon, defendant Moda Flame, and

6     DOES One through Twenty (hereinafter "defendants"), were corporations engaged in the

7     business of marketing, distributing, and selling products, including the subject fireplaces and fuel

8     bottles.

9     20.     At all times herein mentioned, defendants marketed, distributed, and sold the

10    subject fireplaces and fuel bottles with a propensity to combust, and such products were defective

11    by reason of defects in its manufacture, including but not limited to the lack of flame arrestors in

12    the bottles, and that they failed when being used in a reasonably foreseeable manner.

13    21.     The manufacturing defects herein described existed when the subject fireplaces

14    and fuel bottles left the possession and control of defendants.

15    22.     Plaintiffs Rachel Hoyal and Harold McClintock used the subject fireplaces and

16    fuel bottles in the manner in which they were intended to be used, making such use reasonably

17    foreseeable to defendants.

18    23.     By reason of the defect, defendants are strictly liable in tort to Plaintiffs.

19    24.     By reason of the defect, and as a direct and legal result of defendants' marketing,

20    distribution, and sale of the subject fireplaces and fuel bottles, Plaintiffs suffered the injuries

21    hereinabove and hereinafter set forth.

22    25.     Wherefore, Plaintiffs pray for judgment in their favor on the First Cause of Action

23    in their Complaint against defendants, for general and special damages in an amount exceeding

24    the minimum jurisdictional amount, for interest, and for all other and further relief hereinafter set

25    forth as the Court deems just and proper.

26    ///

27    ///

28    ///

-4-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

## SECOND CAUSE OF ACTION

## STRICT LIABILITY (MANUFACTURING AND DESIGN DEFECT)

26.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 25 as though fully set forth herein.

27.      In the ordinary course of defendants' business the subject fireplaces and fuel bottles were distributed, sold, and placed by defendants, in the stream of commerce for ultimate use in the State of California and to the general public as ultimate consumers.

28.     The subject fireplaces and fuel bottles, which ignited and burned Plaintiffs, were marketed, distributed, and sold by defendants.

29.     At the time the subject fireplaces and fuel bottles left defendants' possession, they were in a defective condition, were unreasonably dangerous and did not perform as safely as an ordinary consumer would have expected them to perform when used as intended and/or in a manner reasonably anticipated.

30.     The above-listed defects and deficiencies substantially enhanced and increased the risk of personal injury to a consumer using the subject fireplaces and fuel bottles in a reasonably foreseeable manner.

31.     The subject fireplaces and fuel bottles were expected to reach the ultimate consumer and did reach the ultimate consumer, including Plaintiffs Rachel Hoyal and Harold McClintock, without substantial change in the condition that it was distributed and sold. It was being used by Plaintiffs Rachel Hoyal and Harold McClintock on July 2, 2023 in a manner reasonably anticipated and foreseen by defendants and in substantially the same condition as when it left defendants' possession.

32.     As an actual and proximate cause of the above-listed defects and deficiencies in the subject fireplaces and fuel bottles, Plaintiffs sustained damages as more fully described herein.

33.     Plaintiffs' damages, as more fully described herein, resulted from a use of the subject fireplaces and fuel bottles that was reasonably foreseeable by defendants.

///

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

34.     Wherefore, Plaintiffs pray for judgment in their favor on the Second Cause of Action in their Complaint against defendants, for general and special damages in an amount exceeding the minimum jurisdictional amount, for interest, and for all other and further relief hereinafter set forth as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### STRICT LIABILITY (FAILURE TO WARN)

35.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 34 as though fully set forth herein.

36.     In the ordinary course of defendants' businesses, the subject fireplaces and fuel bottles were marketed, distributed, sold, and placed by defendants into the stream of commerce for ultimate use in the State of California and to the general public as ultimate consumers.

37.     The subject fireplaces and fuel bottles, which were the cause of the explosion that burned Plaintiffs, was marketed, distributed, and sold by defendants.

38.     At the time the subject fireplaces and fuel bottles left defendant's possession, they were in a defective condition and were unreasonably dangerous when used in a manner reasonably anticipated by reason of manufacturing and design defects, inadequate testing, and inadequate warnings that existed at the time it was sold by defendants as described more fully above.

39.     The above-listed defects and deficiencies substantially enhanced and increased the risk of personal injury to a consumer using the subject fireplaces and fuel bottles in a reasonably foreseeable manner.

40.     Defendants knew or should have known that users of the subject fireplaces and fuel bottles would not realize the dangers associated with them. Defendants know the subject fireplaces and fuel bottles would be used without inspection for defects and represented that it could be safely used and would be fit for the ordinary purposes for which it was purchased.

41.     The subject fireplaces and fuel bottles were expected to reach the ultimate consumer and did reach the ultimate consumer, including the Plaintiffs, without substantial change in the condition that it was distributed and sold. It was being used by Plaintiffs Rachel

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1  Hoyal and Harold McClintock on July 2, 2023 in a manner reasonably anticipated and foreseen

2  by defendants and in substantially the same condition as when it left defendants' possession.

3      42.     As an actual and proximate cause of the above-listed defects and deficiencies in

4  the subject fireplaces and fuel bottles, Plaintiffs' sustained damages as more fully described

5  herein.

6      43.     Wherefore, Plaintiffs pray for judgment in their favor on the Third Cause of

7  Action in their Complaint against defendants, for general and special damages in an amount

8  exceeding the minimum jurisdictional amount, for punitive damages, for interest, and for all other

9  and further relief hereinafter set forth as the Court deems just and proper.

10                 **FOURTH CAUSE OF ACTION**

11                        **NEGLIGENCE**

12      44.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1

13  through 43 as though fully set forth herein.

14      45.     At all relevant times, defendants owed a duty of ordinary care to consumers of the

15  subject fireplaces and fuel bottles, including Plaintiffs Rachel Hoyal and Harold McClintock.

16      46.     Prior to, on, and after the date that the subject fireplaces and fuel bottles were

17  placed into Plaintiffs Rachel Hoyal and Harold McClintock's possession, and at all relevant

18  times, defendants warranted, provided instructions for, distributed, and sold the subject fireplaces

19  and fuel bottles for use by consumers, such as Plaintiffs.

20      47.     At all relevant times herein, defendants were negligent and careless in and about

21  their sale of the subject fireplaces and fuel bottles, and failed to use due care to avoid exposing

22  consumers, including plaintiffs, to failure of the product when being used in a reasonably

23  foreseeable manner.

24      48.     At all relevant times herein, defendants were negligent and careless in and about

25  its warning and instruction regarding the propensity of the subject fireplaces and fuel bottles to

26  fail, and thereby caused harm or injury to consumers, including Plaintiffs.

27  ///

28  ///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

49.    At all relevant times herein, defendants were negligent and careless in failing and omitting to thoroughly or fully advise Plaintiffs, or other consumers of the risks associated with use, operation, and application of the subject fireplaces and fuel bottles.

50.    Prior to, on, and after the date that the subject fireplaces and fuel bottles were purchased and used by Plaintiffs Rachel Hoyal and Harold McClintock and at all relevant times, defendants were negligent and careless in and about its distribution, marketing, warning and sale of the subject fireplaces and fuel bottles.

51.    Prior to, on, and after the date that the subject fireplaces and fuel bottles were purchased and used by Plaintiffs Rachel Hoyal and Harold McClintock and at all relevant times, defendants performed inadequate inspection and evaluation of the subject fireplaces and fuel bottles where such inspection and evaluation would have revealed the subject fireplaces and fuel bottles potential to cause harm or injury to consumers, including Plaintiffs Rachel Hoyal and Harold McClintock.

52.    Defendants violated the applicable standard of care by: (1) continuing to market, distribute, and sell the fireplaces and fuel bottles despite the knowledge of the product's defective and unreasonably dangerous condition; and/or (2) failing to provide separate and additional warnings to its customers about the subject fireplaces and fuel bottles' defective and unreasonably dangerous condition or provide advisories or information to users and consumers of the information regarding their use. A reasonable seller under the same or similar circumstances would have stopped marketing, distributing, and selling all fireplaces and fuel bottles and/or provided separate and additional warnings to its customers.

53.    As an actual and proximate cause of defendant's acts and omissions described above, Plaintiffs' sustained damages as more fully described herein.

54.    Wherefore, Plaintiffs pray for judgment in their favor on the Fourth Cause of Action in their Complaint against defendants, for general and special damages in an amount exceeding the minimum jurisdictional amount, for interest, and for all other and further relief hereinafter set forth as the Court deems just and proper.

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

# FIFTH CAUSE OF ACTION

# BREACH OF IMPLIED WARRANTY

55. Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 54 as though fully set forth herein.

56. Prior to the time that Plaintiffs Rachel Hoyal and Harold McClintock purchased the subject fireplaces and fuel bottles from defendants, defendants impliedly warranted to Plaintiffs Rachel Hoyal and Harold McClintock that the subject fireplaces and fuel bottles were of merchantable quality and safe and fit for the use for which it was intended.

57. Plaintiffs Rachel Hoyal and Harold McClintock were and are unskilled in the research, design, and manufacture of the subject fireplaces and fuel bottles and they reasonably relied entirely on the skill, judgment, and implied warranty of defendants in purchasing and using the subject fireplaces and fuel bottles in their home.

58. The subject fireplaces and fuel bottles were neither safe for their intended use nor of merchantable quality, as warranted by defendants, in that it had dangerous propensities when put to its intended use and would cause severe injuries.

59. Defendants, by selling, delivering and/or distributing the subject fireplaces and fuel bottles to Plaintiffs Rachel Hoyal and Harold McClintock breached the implied warranty of merchantability and fitness.

60. As an actual and proximate cause of defendants' acts and omissions described above, Plaintiffs' sustained damages as more fully described herein.

61. Wherefore, Plaintiffs pray for judgment in their favor on the Fifth Cause of Action in their Complaint against defendants, for general and special damages in an amount exceeding the minimum jurisdictional amount, for interest, and for all other and further relief as hereinafter set forth as the Court deems just and proper.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendant Amazon, defendant Moda Flame, Inc., and DOES One through Twenty, as to all causes of action pleaded and requests of the Court the following relief:

A.    For compensatory and general damages, in an amount to be proven at trial;

B.    For special and economic damages according to proof, in an amount to be proven at trial;

C.    For costs of suits incurred herein;

D.    For pre-judgment and post-judgment interest as provided by law;

E.    For such other and further relief as the court deems just and proper.

Dated:  August 19, 2024                    ABBEY, WEITZENBERG, WARREN & EMERY

By:   /s/ Brendan M. Kunkle
       Brendan M. Kunkle
       John M. Sanford
       Attorneys for Plaintiffs

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL